IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C. R. BARD, INC.,
    PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION         MDL No. 2187

THIS DOCUMENT RELATES TO:

*Garrett et al. v. C. R. Bard, Inc.*         Civil Action No. 2:15-cv-03312

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Unopposed Motion for Relief Under Federal Rule of Civil Procedure 60(b), filed by the plaintiff on May 1, 2018 [ECF No. 7]. In the Motion, the plaintiff seeks an order vacating this court's order of dismissal entered May 17, 2017 [ECF No. 6], under Rule 60(b)(1) because it was secured by mistake, inadvertence, or the excusable neglect of plaintiff's counsel Lee B. Balefsky. As stated in his attached Declaration, Mr. Balefsky moved[1] to dismiss this case under the mistaken belief that the plaintiff executed an agreement through another firm to, correspondingly, dismiss this civil action with prejudice.

"Rule 60(b) allows a court to 'relieve a party . . . from a final judgment, order or proceeding' on a limited number of grounds." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)). While the Fourth Circuit has held that an "attorney's

---

[1] Mr. Balefsky filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i), which the court construed as a Motion to Dismiss.

negligence may qualify as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)" *see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988); *see United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982); *but see Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412–13 (4th Cir. 2010) (concluding that "excusable neglect" not established even though attorney was to blame), there is some tension between the Fourth Circuit's increasingly liberal view and the Supreme Court's announcement that parties ought to be held accountable for the acts and omissions of their attorneys. *See U.S. Foodservice, Inc. v. Donahue*, 764 F. Supp. 2d 816, 821 n.4 (S.D. W. Va. 2011) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("[W]e have held that clients must be held accountable for the acts and omissions of their attorneys.")).

Whether lawyer neglect can be deemed as "excusable," according to the Supreme Court, is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 260 (4th Cir. 2008) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

Here, the standard equitable considerations differ drastically from a simple civil action because the pretrial process of this case has been coordinated in conjunction with several thousands of similar cases against the *same* defendant in

2

this ongoing MDL. As such, the degree in which a plaintiff "controls" his or her counsel is – to a noticeable degree – more attenuated given the sometimes protracted nature of litigating a multidistrict civil action—particularly when, as here, no scheduling order bound the parties in this case to a defined motions practice or discovery timeline when plaintiff's counsel moved to voluntarily dismiss this case. Likewise, the impact on the parties is nominal. Because the Motion is unopposed, the court can also infer the absence of any prejudice to the defendant in granting relief under Rule 60, and nothing in the record suggests that the plaintiff is moving in bad faith.

For the reasons stated above, and in light of this jurisdiction's strong preference that claims be disposed of on their merits, the court **FINDS** that Mr. Balefsky's mistaken belief that the plaintiff executed an agreement through another firm to, correspondingly, dismiss this civil action with prejudice constitutes "excusable neglect" as understood by Rule 60(b)(1).

Excusable neglect notwithstanding, Rule 60 also requires a motion brought pursuant to Rule 60(b)(1) be made "within a reasonable time" and "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). "[T]he movant bears the burden of showing timeliness." *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016).

According to the Motion, counsel "acted promptly as soon as he became aware of the mistake." Pl.'s Memo. of Law in Supp. of Her Unopposed Mot. for Relief Under F.R.C.P. 60(b), at 5 [ECF No. 7]. This claim unopposed, and cognizant of the posture

of this case at the time and the inherent peculiarities present in MDL cases described above, the court **FINDS** that the plaintiff filed the instant motion within a "reasonable time."

Therefore, the Unopposed Motion for Relief Under Federal Rule of Civil Procedure 60(b) [ECF No. 7] is **GRANTED** and the Order Approving the Voluntary Dismissal of this case [ECF No. 6] is **VACATED**.

The Clerk is **DIRECTED** to reinstate this case to the active docket. The Clerk is further **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 24, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE